# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ILYA BRODSKIY** ) | |
| Moscow Region, Krasnogorsk District, ) | |
| Village Angelovo ) | |
| IRC Rosinka, 68, 143442 ) | |
| Russian Federation ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | CIV. NO. 1:23-cv-3224 |
| v. ) | |
| ) | **COMPLAINT** |
| **ANTONY J. BLINKEN** ) | |
| **in his official capacity as** ) | **ECF** |
| **Secretary of the United States** ) | |
| **Department of State** ) | |
| 2201 C St., NW ) | |
| Washington, D.C. 20037 ) | |
| ) | |
| and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF STATE** ) | |
| 2201 C Street, NW ) | |
| Washington, D.C. 20037 ) | |
| ) | |
| and ) | |
| ) | |
| **JIM MULLINAX,** ) | |
| **in his official capacity as** ) | |
| **Director of the** ) | |
| **United States Department of State** ) | |
| **Bureau of Economic and Business Affairs** ) | |
| **Office of Economic Sanctions Policy** ) | |
| **& Implementation** ) | |
| 2201 C St., NW ) | |
| Suite #4657 ) | |
| Washington, D.C. 20037 ) | |
| ) | |
| and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF STATE, OFFICE OF ECONOMIC** ) | |
| **SANCTIONS POLICY** ) | |
| **AND IMPLEMENTATION** ) | |

2201 C Street, NW )
Suite #4657 )
Washington, D.C. 20037 )
)
and )
)
**JANET YELLEN** )
**in her official capacity as** )
**Secretary of the United States** )
**Department of the Treasury** )
1500 Pennsylvania Ave., NW )
Washington, D.C. 20220 )
)
and )
)
**THE UNITED STATES DEPARTMENT OF** )
**THE TREASURY** )
1500 Pennsylvania Ave., NW )
Washington, D.C. 20220 )
)
and )
)
**BRADLEY T. SMITH** )
**in his official capacity as** )
**Director of the** )
**United States Department of the Treasury** )
**Office of Foreign Assets Control** )
1500 Pennsylvania Avenue, NW )
Freedman's Bank Building )
Washington, D.C. 20220 )
)
and )
)
**THE UNITED STATES DEPARTMENT** )
**OF THE TREASURY, OFFICE OF FOREIGN** )
**ASSETS CONTROL** )
1500 Pennsylvania Avenue, NW )
Freedman's Bank Building )
Washington, D.C. 20220 )
)
)
*Defendants.* )
_____)

**COMPLAINT FOR INJUNCTIVE RELIEF
OR IN THE ALTERNATIVE DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Ilya Brodskiy brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of State (the "State Department"), its Secretary Anthony J. Blinken, the United States Department of State's Office of Economic Sanctions Policy and Implementation and its Director Jim Mullinax, along with the United States Department of the Treasury, its Secretary Janet Yellen, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director Bradley T. Smith, and in support of his complaint alleges:

## INTRODUCTION

This lawsuit arises in connection with the following circumstances:

1. On March 24, 2022, the State Department designated Plaintiff under Executive Order ("E.O.") 14024 for "being or having been a leader, official, senior executive officer, or member of the board of directors" of Russia's Public Joint Stock Company Sovcombank ("Sovcombank"), a Russian financial institution designated by OFAC under E.O. 14024.

2. Upon his designation, and to bring himself into compliance with U.S. sanctions, Plaintiff resigned from all roles at Sovcombank, such that he no longer had any role at Sovcombank by May 5, 2022.

3. Following his resignation, Plaintiff petitioned the State Department to rescind his designation and remove his name from the Specially Designated Nationals and Blocked Persons ("SDN") List. Despite the State Department not having its own regulations to process requests for recissions of designations and removals from the SDN List that it imposes under E.O. 14024, Plaintiff followed the regulations issued by Defendant OFAC.

4. The procedures governing delisting from the SDN List state that one path to seeking

delisting can occur when a sanctioned party has shown a change in circumstances such that the circumstances resulting in the designation no longer apply. Utilizing these procedures, Plaintiff's petition to the State Department argued, and provided documentation showing, that there had been a change to the circumstances that had resulted in his designation. Specifically, Plaintiff informed the State Department that he had resigned from his roles at Sovcombank as of May 5, 2022. Thus, Plaintiff's petition argued, the basis for the State Department's designation of Plaintiff for "being or having been a leader, official, senior executive officer, or member of the board of directors" of Sovcombank no longer exists.

5. Further, the Defendant Office of Economic Sanctions Policy and Implementation has acknowledged—through statements made in the questionnaires issued to Plaintiff as part of the delisting process—that the circumstances which resulted in Plaintiff's designation no longer exist. Despite this, the Defendant Office of Economic Sanctions Policy and Implementation has continued to issue questionnaires to the Plaintiff time after time, and have not adjudicated his delisting petition.

6. The Defendants are treating Plaintiff differently than similarly situated parties who engaged in the same administrative process as Plaintiff to seek rescission of their designations, and have both failed to adjudicate Plaintiff's Petition for Removal from the SDN List or provide a reasoned explanation for their delay in doing so.

7. Indeed, it has been almost eighteen months since Plaintiff submitted his delisting petition, during which time Plaintiff answered three questionnaires from Defendant Office of Economic Sanctions Policy and Implementation. These questionnaires, however, often contained requests with no discernible relevance to the information, arguments, and facts presented in the Plaintiff's Petition for Removal. For example, the questionnaires asked about Plaintiff's current

employer, his wife and children, and real estate owned by Plaintiff, including the addresses and value of the properties.

8. Furthermore, there is no delegation of authority for the Defendants to administer the delisting procedures contained in 31 C.F.R. § 501.807—the legal authority they purport to act under in processing Plaintiff's petition. Indeed, E.O. 14024 expressly states that the Secretary of the Treasury may redelegate her authorities solely within the Department of the Treasury, not with respect to any other Cabinet-level Department. Moreover, 31 C.F.R. § 501.807 expressly states that it is OFAC that will review and adjudicate petitions for removal from the OFAC SDN List.

9. Plaintiff's continued designation is contrary to the U.S. Government's stated policy of imposing sanctions "not to punish, but to bring about a positive change in behavior." More to the point, within a few months of Plaintiff's designation, he changed the behavior that caused his designation, and yet nearly 18 months later, he remains sanctioned. If Plaintiff cannot be removed from the SDN List based on his resignation from Sovcombank, then there is effectively nothing he can do to end his status as a sanctioned individual, which is inconsistent with the U.S. Government's stated policy of using sanctions to compel behavioral changes.

10. Defendants' unreasonable delay in adjudicating Plaintiff's delisting petition which, in effect, amounts to a denial of the petition, has caused, and continues to cause, Plaintiff significant personal and financial harm, including by limiting his ability to provide support for his family. Indeed, Plaintiff has had bank accounts and other financial accounts closed, impairing his ability to make payments necessary to maintaining his family's livelihood. Moreover, Plaintiff was compelled to resign from his roles at Sovcombank following his designation and has to seek employment elsewhere while being sanctioned by the United States and carrying the risk of sanctions exposure to those who deal with him.

11.     Plaintiff now respectfully seeks this Court's intervention to compel the Defendant the Office of Economic Sanctions Policy and Implementation to desist in its unreasonable delay in adjudicating Plaintiff's delisting petition and determine that Plaintiff merits the rescission of his designation and removal of his name from the SDN List.

## JURISDICTION AND VENUE

12.     This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

13.     This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. Rule 57.

14.     This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

15.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. 28 U.S.C. §§ 1391(b), (e).

## THE PARTIES

16.     Plaintiff is and was at all relevant times a citizen of Russia and a national of Cyprus. Plaintiff currently resides in the Russian Federation. At the time that the State Department designated Plaintiff, Plaintiff served as First Deputy Chairman of the Management Board and Director of Corporate Department at Sovcombank. Plaintiff has never served in the Russian Government or for governmental authorities, nor has he worked on behalf of the Russian Government or state-owned entities.

17.     Defendant the State Department is a department of the United States federal government that manages the United States' relationships with foreign states and international

organizations and is responsible for designating Plaintiff pursuant to E.O. 14024. The State Department is located at 2201 C Street, NW, Washington, D.C. 20037.

18.     Defendant Antony J. Blinken is the Secretary of the United States Department of State. Mr. Blinken is sued in his official capacity.

19.     Defendant the Office of Economic Sanctions Policy and Implementation of the United States Department of State's Bureau of Economic and Business Affairs is a federal agency that is part of the United States Department of State. The Office of Economic Sanctions Policy and Implementation is adjudicating Plaintiff's petition for removal. The Office of Economic Sanctions Policy and Implementation is located at 2201 C Street, NW, Suite #4657, Washington, D.C. 20037.

20.     Defendant Jim Mullinax is the Director of the Office of Economic Sanctions Policy and Implementation at the United States Department of State's Bureau of Economic and Business Affairs. Mr. Mullinax is sued in his official capacity.

21.     Defendant the United States Department of the Treasury is a department of the United States federal government that is responsible for maintaining the financial and economic security of the United States. The Department of the Treasury is also responsible for overseeing various offices, including OFAC. The Department of the Treasury is located at 1500 Pennsylvania Ave., NW, Washington, D.C. 20220.

22.     Defendant Janet Yellen is the Secretary of the United States Department of the Treasury. Ms. Yellen is sued in her official capacity.

23.     OFAC is a federal administrative agency of the United States Department of the Treasury that is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons pursuant to E.O. 14024; regulating dealings with them under that authority via 31 C.F.R. Parts 501 and 587, the "Reporting, Procedures, and Penalties Regulations,"

and the "Russian Harmful Foreign Activities Sanctions Regulations," respectively; and adjudicating petitions for delisting under E.O. 14024 and removal from the SDN List pursuant to 31 C.F.R. §§ 501.807 and 587.101. OFAC is responsible for including and maintaining Plaintiff's name on the SDN List. OFAC is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220.

24.     Defendant Bradley T. Smith is the Director of OFAC. Mr. Smith is sued in his official capacity.

## FACTUAL ALLEGATIONS

### A.     Plaintiff's Designation Pursuant to E.O. 14024

25.     On April 15, 2021, President Biden invoked the authorities of the International Emergency Economic Powers Act ("IEEPA") to issue E.O. 14024. E.O. 14024 authorizes the Secretary of State to designate and impose blocking sanctions on persons determined to be or have been a leader, official, senior executive officer, or member of the board of directors of an entity whose property and interests in property are blocked under E.O. 14024. Exec. Order No. 14024 Sec. 1(a)(iii)(C).

26.     On February 24, 2022, OFAC designated Sovcombank pursuant to E.O. 14024 for operating or having operated in the financial services sector of the Russian Federation economy. Notice of OFAC Sanctions Actions, 87 Fed. Reg. 11828 (Mar. 2, 2022).

27.     On March 24, 2022, the State Department designated Plaintiff for being or having been a leader, official, senior executive officer, or member of the board of directors or member of Sovcombank, an entity whose property and interests in property are blocked pursuant to E.O. 14024. Notice of Department of State Sanctions Actions, 87 Fed. Reg. 31927 (May 25, 2022).

28.     According to Defendant State Department's press release announcing Plaintiff's designation, the sole reason for Plaintiff's designation is that he was amongst a group of individuals identified as being designated for being or having been a leader, official, senior executive officer, or member of the board of directors or member of Sovcombank.

**B.     Plaintiff's Efforts to Rescind His Designation**

29.     Defendant OFAC has promulgated and administers regulations and procedures by which persons blocked pursuant to its regulations and identified on the SDN List may seek removal from the SDN List. 31 C.F.R. § 501.807. These delisting procedures apply to parties seeking the rescission of their designation under E.O. 14024 and who are blocked, as a result, under the Russian Harmful Activities Sanctions Regulations ("RuHSR"), 31 C.F.R. Part 587. 31 C.F.R. § 587.101.

30.     In relevant part, the procedures governing delisting from the SDN List permit sanctioned parties to seek rescission of their designation by asserting that the circumstances resulting in the designation no longer apply or proposing remedial measures that negate the basis of the designation. 31 C.F.R. § 501.807.

31.     Defendant OFAC has also provided guidance on seeking removal from the SDN List. U.S. Dep't of the Treasury, Filing a Petition for Removal from an OFAC List, *available at*: https://home.treasury.gov/policy-issues/financial-sanctions/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list/. Defendant's guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*. Thus, situations in which a delisting might be warranted include, for example, "a positive change in behavior" or when "the basis of designation no longer exists." *Id*.

32.     On May 30, 2022, Plaintiff submitted a Petition for Removal to Defendants the State Department and its Director, Jim Mullinax, as well as to Defendant OFAC seeking the rescission

of his designation under E.O. 14024 and the removal of his name from the SDN List. Plaintiff's petition noted that Plaintiff's counsel had previously been advised that the Defendants State Department and Office of Economic Sanctions Policy and Implementation would be handling petitions for removal filed in connection with E.O. 14024 designations undertaken by Defendant State Department.

33.     In his Petition for Removal, Plaintiff argued that   there had been a change in the circumstances which had given rise to his designation because he resigned from his roles at Sovcombank as of May 5, 2022. Plaintiff included documentation showing that he resigned from his position as Sovcombank's First Deputy Chairman of the Management Board and Director of Corporate Department on that date. Notably, Plaintiff's petition noted that Plaintiff resigned in response to his designation.

34.     Additionally, Plaintiff's Petition for Removal explained that at no time throughout his career had Plaintiff worked for the Russian Government or any state-owned entities. The petition therefore demonstrated that Plaintiff had not been involved in the activities which gave rise to the national emergency which E.O. 14024 sought to address.

35.     On May 31, 2022, Defendant State Department acknowledged receipt of Plaintiff's petition.

36.     On June 1, 2022, Defendant OFAC acknowledged receipt of Plaintiff's request and assigned the delisting matter Case ID No. RUSSIA-EO14024-27066. Further, Defendant OFAC's acknowledgement email stated that, because Plaintiff's designation was made under a State Department authority, that Defendant Office of Economic Sanctions Policy and Implementation would serve as the point of contact during adjudication of Plaintiff's delisting petition. Defendant OFAC also referred Plaintiff to its delisting procedures set forth at 31 C.F.R. § 501.807 for

information concerning the procedures for removal.

37.     Notably, Defendant OFAC's email acknowledgement did not provide the legal basis, if any, for delegating to the State Department the authority to adjudicate delisting petitions, nor did the email acknowledgement state how the State Department could lawfully adjudicate sanctions delisting matters pursuant to a regulation promulgated and administered by OFAC.

38.     Plaintiff's Petition for Removal, as well as follow-up correspondence, requested that Defendant State Department adjudicate Plaintiff's delisting matter in an expedited manner. Plaintiff's request was based on Defendant OFAC having taken similar expedited action with respect to the designation of Ozon Bank under E.O. 14024. Specifically, in Plaintiff's July 11, 2022 letter, Plaintiff highlighted how Ozon Bank, a party similarly situated under E.O. 14024, had its designation rescinded only thirty-five days after it had been initially sanctioned.

39.     Defendant State Department acknowledged receipt of Plaintiff's letter on July 15, 2022 stating that it appreciated Plaintiff's correspondence and that it would follow up with Plaintiff as it continues its lengthy review process.

40.     Plaintiff responded to Defendant Office of Economic Sanctions Policy and Implementation acknowledgment email the same day noting that, while Plaintiff understands and appreciates the review process, no explanation had been provided for why his petition for removal was taking substantially longer to adjudicate than the seemingly more complex cases of similarly situated parties. Specifically, Plaintiff noted that Ozon Bank and Subsidiary Bank Alfa-Bank (Kazakhstan) had their respective designations rescinded in a matter of months despite those petitioners being major financial institutions. Defendant Office of Economic Sanctions Policy and Implementation did not respond to Plaintiff's email.

41.     On July 22, 2022, Defendant Office of Economic Sanctions Policy and

Implementation sent a questionnaire to Plaintiff purportedly seeking information and supporting documentation related to Plaintiff's resignation from Sovcombank.

42.     Plaintiff responded to this questionnaire on September 16, 2022. Plaintiff's response indicated that he did not receive compensation from Sovcombank following his resignation, and that he resigned from Sovcombank as a direct result of his designation.

43.     On September 16, 2022, Defendant Office of Economic Sanctions Policy and Implementation thanked Plaintiff for his continued correspondence and indicated that it would follow up with Plaintiff should it have any additional questions.

44.     On October 17, 2022, Plaintiff emailed Defendant Director Jim Mullinax requesting that the Defendant Office of Economic Sanctions Policy and Implementation inform Plaintiff whether it anticipates issuing Plaintiff an additional questionnaire or what the estimated timeframe is for considering his delisting petition.

45.     On October 21, 2022, Defendant Office of Economic Sanctions Policy and Implementation acknowledged receipt of Plaintiff's September 16, 2022 questionnaire response. In addition, Defendant the Office of Economic Sanctions Policy and Implementation attached a second questionnaire to the email acknowledging receipt of the prior questionnaire response.

46.     In their second questionnaire, despite claiming that the questionnaire was intended to "further evaluate the [delisting] petition and responses to the initial questionnaire," Defendant Office of Economic Sanctions Policy and Implementation asked questions irrelevant to Petitioner's delisting petition and the information and arguments it presented. Specifically, the questionnaire sought information concerning Plaintiff's wife and children and their places of current employment; Plaintiff's involvement in Sovcombank's 2018 acquisition of RosEvroBank ("REB") and Sovcombank's decision to accept the Central Bank of Russia's recommendation not

to disclose the composition of its management bodies; and whether Plaintiff has received, or expects to receive, any income from Russia-related entities following his resignation from Sovcombank.

47. Plaintiff responded to the second questionnaire on December 15, 2022, despite noting formal objections to those parts of the questionnaire that he deemed to be outside the scope of the delisting matter. Plaintiff's questionnaire response reiterated that a similarly situated party, Ozon Bank, had their designation rescinded only thirty-five days after showing that the circumstances leading to their designation had changed. Plaintiff's response further noted that he had similarly changed the circumstances leading to his designation, but that it had been over 180 days since he had submitted his delisting petition and the Defendants had taken no action. Finally, Plaintiff's response again noted the fact that Plaintiff had no connection to the Government of Russia, and had not worked for any state-owned entities.

48. Defendant Office of Economic Sanctions Policy and Implementation acknowledged receipt of Plaintiff's second questionnaire response on December 21, 2022, and informed Plaintiff that it would follow up with him should the State Department have any additional questions.

49. On February 9, 2023, Plaintiff again followed up with Defendant Office of Economic Sanctions Policy and Implementation and reiterated that Plaintiff's request for delisting had been pending for over eight months and that he had resigned from Sovcombank over nine months prior. Plaintiff further noted that in the meantime, several parties sanctioned under E.O. 14024 had been delisted, and that Defendant the State Department should treat Plaintiff's request for delisting at the same pace as other similarly situated parties. *Id*.

50. On February 13, 2023, Defendant Office of Economic Sanctions Policy and

Implementation acknowledged receipt of Plaintiff's February 9, 2023 email. In doing so, it informed Plaintiff that it was still reviewing his delisting petition and was unable to provide an estimate as to whether additional questionnaires will be issued or when its review may be complete.

51.     On March 29, 2023, Plaintiff requested an update from Defendant Office of Economic Sanctions Policy and Implementation on the adjudication of Plaintiff's Petition for Removal. Plaintiff reiterated that his request had been pending for over three months since filing his response to the second questionnaire, and over nine months since he initially filed the petition.

52.     On March 30, 2023, Defendant Office of Economic Sanctions Policy and Implementation acknowledged Plaintiff's status update request. In doing so, it once again stated "[w]e are continuing our review of [Plaintiff's] petition, but we are not in a position to provide an estimate as to whether we may request additional information or when we might complete our review."

53.     On August 11, 2023, Defendant Office Economic Sanctions Policy and Implementation issued Plaintiff a third questionnaire. That questionnaire, like previous questionnaires, sought, among other things, information irrelevant to the basis of Plaintiff's designation and the information and arguments presented in his delisting petition, such as the addresses and value of Plaintiff's real estate and his plans for its further ownership. Nevertheless, Plaintiff responded to that questionnaire on September 27, 2023.

54.     Currently, nearly a year and a half has passed since Plaintiff's resignation and submission of his delisting petition, and Defendants have yet to render a decision on the petition despite of the simplicity of the question before them. During that time, while Defendant Office of Economic Sanctions Policy and Implementation has continued to send Plaintiff questionnaires, they have rescinded the designations of other similarly situated parties to Plaintiff, such as (1) former

Sovcombank board member Joel Lautier; (2) former member of the management board of Bank Otkritie, Anatoly Karachinskiy; (3) former member of the management board of Bank Otkritie, Andrey Golikov; (4) former member of the management board of Bank Otkritie, Elena Titova; and (5) former member of the management board of Bank Otkritie, Paul Goldfinch. Defendant Office of Economic Sanctions Policy and Implementation has processed requests to rescind those similarly-situated parties' designations much more quickly than Plaintiff's own request—e.g., Mr. Karachinskiy was removed approximately 12 months following the filing of his petition; Ms. Titova was removed approximately 14 months following the filing of her petition; Mr. Golikov was removed approximately 14 months following the filing of his petition; and Mr. Goldfinch was removed approximately 15 months following the filing of his petition. *Karachinskiy v. Blinken, et. al*, 1:22-cv-03699, ECF 1 (D.D.C. December 12, 2022), U.S. Dep't of the Treasury, *Russia-related Designations; Issuance of Amended Russia-related Directive 4, Russia-related General Licenses; Publication of Russia-related Determinations; and New and Amended Frequently Asked Questions*, May 19, 2023, *available at*: https://ofac.treasury.gov/recent-actions/20230519; *Titova v. Blinken, et. al*, 1:23-cv-01751, ECF 1 (D.D.C. June 15, 2023), *Golikov v. Blinken*, et. al, 1:23-cv-01752, ECF 1 (D.D.C. June 15, 2023), U.S. Dep't of the Treasury, *Russia-related Designations; Ukraine-related Designation Update; Russia-related Designations Removals; Issuance of Russia-related General Licenses*; July 20, 2023, *available at*: https://ofac.treasury.gov/recent-actions/20230720; *Goldfinch v. Blinken*, et. al, 1:23-cv-02045, ECF, (D.D.C. July 17, 2023), U.S. Dep't of the Treasury, *Russia-related Designations, Designations Updates, and Designations Removals; Issuance of Russia-related General Licenses*, Sept. 14, 2023, *available at*: https://ofac.treasury.gov/recent-actions/20230914.

C.    **Harm to Plaintiff**

55.    Defendants' continued delay in adjudicating Plaintiff's Petition for Removal continues to have devastating effects on Plaintiff personally and financially. Specifically, and as a direct result of his designation, Plaintiff had to resign from his employment at Sovcombank; had restrictions placed on his ability to access funds held in his bank accounts at non-U.S. financial institutions; and he has had European banks deny opening accounts for his family members, despite the sanctions only applying to Plaintiff.

56.    In the absence of immediate relief, Defendants' unlawful delay will continue to render third parties reluctant to engage in business dealings with him.  Further, Plaintiff's ability to maintain banking and business relationships including with foreign and international companies providing insurance, legal, and financial services, or secure sustainable employment will continue to be impaired so long as he remains sanctioned under E.O. 14024 and included on the SDN List. This harm will thus continue to impair Plaintiff's ability to support himself and his immediate family if Defendants continued delay is not addressed by the court.

## CAUSES OF ACTION

### COUNT I

**DEFENDANTS' FAILURE TO RENDER A DECISION ON PLAINTIFF'S DELISTING PETITION CONSTITUTES UNREASONABLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

57.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

58.    Agencies are required to "conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

59.     Under the APA, reviewing courts are required to compel agency action that is unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

60.     Despite having evidence in its possession that Plaintiff does not meet the criteria for designation under E.O. 14024, Defendants have unlawfully withheld a decision on Plaintiff's petition for removal in Case No: RUSSIA-EO14024-27066.

61.     During his delisting matter, Plaintiff provided evidence that the factual basis for his designation no longer exists. Despite having this information in its possession for more than eighteen months, Defendants have failed to adjudicate Plaintiff's petition for removal, and have thus unreasonable delayed agency action in violation of the APA.

### COUNT II

**DEFENDANTS' ADJUDICATION OF PLAINTIFF'S DELISTING PETITION AND ITS AD HOC DEPARTURE FROM LAWFUL PROCEDURE IS IN EXCESS OF STATUTORY AUTHORITY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

62.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

63.     The APA empowers reviewing courts to set aside agency action that is, *inter alia*, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or without observance of procedure required by law. 5 U.S.C. § 706(2).

64.     The APA defines "agency action" to include, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 706(1); 5 U.S.C. § 551(13).

65.     By purporting to adjudicate Plaintiff's petition for removal, Defendants the State Department and the Office of Economic Sanctions Policy and Implementation are acting arbitrarily

and capriciously, without legal authority, and without observance of procedure required by law. This is because these Defendants do not have legal authority to administer a procedure for removal of parties designated under E.O. 14024, and because 31 C.F.R. § 501.807 only permits Defendant OFAC and its Director, Bradley T. Smith, to adjudicate petitions for unblocking and removal from the SDN List. Defendants the State Department of Office of Economic Sanctions Policy and Implementation have thus acted not in accordance with law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or without observance of procedure required by law in violation of the APA.

## COUNT III

**DEFENDANTS' ADJUDICATION OF PLAINTIFF'S DELISTING PETITION AND ITS AD HOC DEPARTURE FROM LAWFUL PROCEDURE LACKS LEGAL AUTHORITY AND CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION AND AGENCY ACTION IN EXCESS OF STATUTORY AUTHORITY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

66.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

67.     The APA empowers reviewing courts to set aside agency action that is, *inter alia*, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or without observance of procedure required by law. 5 U.S.C. § 706(2).

68.     The APA defines "agency action" to include, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 706(1); 5 U.S.C. § 551(13).

69.     By adjudicating Plaintiff's delisting petition, Defendants the State Department, the Office of Sanctions Policy and Implementation, and the latter's director Jim Mullinax are acting

arbitrarily and capriciously, without legal authority, and without observance of procedure required by law, as the applicable federal regulations require Defendant the Office of Foreign Assets Control and its Director, Bradley T. Smith, to adjudicate delisting matters for persons subject to sanctions pursuant to E.O. 14024.

70.     Defendant the Secretary of the Treasury Janet Yellen's redelegation of authority to adjudicate delisting petitions for persons subject to sanctions under E.O. 14024 to Defendants the State Department and its Office of Sanctions Policy and Implementation is in excess of statutory authority and without observance of procedure required by law. This is because Section 8 of E.O. 14024 only authorizes the Secretary of the Treasury to "redelegate" her authority under E.O. 14024 "within the Department of the Treasury." Any delegation of the functions for which E.O. 14024 provides authorization to the Secretary of the Treasury outside of the United States Department of the Treasury would be contrary to the express authorities and limitations set forth in E.O. 14024.

## COUNT IV

### DEFENDANTS' FAILURE TO RENDER A DECISION WITH RESPECT TO PLAINTIFF'S PETITION FOR REMOVAL CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION AND AGENCY ACTION NOT IN ACCORDANCE WITH LAW IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

71.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

72.     The APA requires agencies to "conclude a matter presented to it...[w]ith due regard for the convenience and necessity of the parties or their representatives and within a "reasonable time." 5 U.S.C. § 555(b).

73.     Under the APA, reviewing courts are required to compel agency actions unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

74. Federal administrative agencies must treat similarly situated parties similarly or, in the alternative, provide a reasoned explanation as to why they are being treated differently than other similarly situated persons. On at least five separate occasions, Defendants have processed delisting petitions to rescind E.O. 14024 designations submitted by persons in which the circumstances were substantially similar to those implicated in Plaintiff's case in a significantly more expeditious manner. Defendants have failed to provide any explanation for why adjudication of Plaintiff's Petition for Removal is being delayed in comparison to these similarly situated person, or otherwise explain the unreasonable delay in adjudicating that petition.

75. Defendants' failure to treat Plaintiff's matter in the same or a similar manner as those of similarly situated parties, and failure to provide an explanation for doing so, constitutes arbitrary and capricious agency action, an agency action not in accordance with law in violation of the APA.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court:

A.  Order Defendants to issue an immediate written, reasoned decision on Plaintiff's pending delisting petition in Case No: RUSSIA-EO14024-27066;

B.  Set aside Defendants' actions as unlawful and declare and/or order Defendants' rescission of Plaintiff's designation under E.O. 14024 and the removal of his name from OFAC's SDN List;

C.  Grant an award to Plaintiff of costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

D.  Such other and further relief as the Court may deem proper.

Dated: October 27, 2023

Respectfully submitted,

<u>/s/Erich C. Ferrari, Esq</u>.
Ferrari & Associates,
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20005
Telephone: (202) 280-6370
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Ilya Brodskiy*